IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEJANDRO CANCINO,<br><br>Plaintiff,<br>v.<br><br>LIFE TIME, INC. AND DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:25-cv-00466-TS-JCB<br><br>District Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on Defendant's Motion for Summary Judgment.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff sues Defendants, Life Time, Inc. ("Life Time") and Does 1-5, for claims related to injuries he suffered while using the locker room at the Life Time Athletic Country Club in South Jordan, Utah. He alleges that after showering, a glass shower door fell on him causing injuries. Plaintiff brings claims for (1) Premises Liability, (2) Negligence, and (3) Negligent Training and Supervision of Management.[2]

Defendant asserts that Plaintiff's claims are precluded because, before the incident, he signed a Member Usage Agreement (the "Agreement") that contained a preinjury release "waiving and forever discharging Life Time from any and all claims or causes of action,

[1] Docket No. 15.

[2] Docket No. 2-2, at 8–12.

including those arising from Life Time's own negligence."[3] Accordingly, Defendant contends that because there are no genuine issues of material fact regarding the scope and effect of the Agreement and because the claims fall within the scope of the waiver, the Court should grant summary judgment in its favor. Plaintiff does not dispute that he signed the Agreement, however he disputes that the waivers contained therein are enforceable as applied to the circumstances in this case, and asserts there are genuine issues of material fact precluding summary judgment. However, as discussed in further detail below, Plaintiff does not properly support his arguments with admissible evidence as is required at summary judgment.

Having fully reviewed the parties' briefing and finding that oral argument would not be materially helpful,[4] the Court now rules on the Motion.

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[5] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[6] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the

[3] Docket No. 15, at 2.

[4] DUCivR 7-1(g).

[5] Fed. R. Civ. P. 56(a).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

claim."[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

## III. DISCUSSION

### A. Undisputed material facts

Under Federal Rule of Civil Procedure 56, the moving party bears the initial burden in demonstrating that there is an absence of genuine issue of material fact and entitlement to judgment as a matter of law. "If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[9] "[S]ufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."[10]

Plaintiff cites only to his Complaint to support his responses to Defendant's Undisputed Material Facts and in his Statement of Additional Material Facts. He does not otherwise support his factual assertions with citation to the record.

---

[7] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[9] *Adler*, 144 F.3d at 671 (citing Fed. R. Civ. P. 56(e)); *see also Butler Mfg. Co., Inc. v. Americold Corp.*, 841 F. Supp. 1107, 1110 (D. Kan. 1993) ("The nonmoving party may not simply rest on its pleadings in the case but has the affirmative duty to come forward with facts to establish that a genuine issue exists necessitating a trial in the case.") (citing *Anderson*, 477 U.S. at 256).

[10] *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992) (citations omitted); *see* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admission, interrogatory answers, or other materials . . . .").

Pursuant to Rule 56(e),

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Based on Plaintiff's citation solely to the Complaint to support his facts, the Court will consider the facts undisputed for purposes of the motion and will not consider the unsupported facts. Considering the undisputed facts, the Court will next turn to whether Defendant is entitled to summary judgment as a matter of law.

B. Preinjury Waiver

Defendant asserts that Plaintiff's claims are barred under the terms of the preinjury waiver that Plaintiff signed when joining the gym. The Agreement includes the following language:

> I understand that the dangers, hazards, and risks of injury or damage in the Use of Life Time Premises and Services ("Risks") may include but are not limited to (1) slips, trips, collisions, falls, and loss of footing or balance, including "slip and falls" and falls from rock climbing structures or fitness equipment . . . (3) equipment failure, malfunction, or misuse; . . . (5) other accidents or incidents that may result in injury or damage to me . . . .[11]

> I understand that such injuries or damages may include but are not limited to major or minor personal, physical, bodily, . . . or other types of injuries or damages to me . . . . I understand that Risks and Injuries in the Use of Life Time Premises and Services (collectively "Risks of Injury") may be caused, in whole or in part, by the NEGLIGENCE OF LIFE TIME, me . . . and/or other persons. I FULLY UNDERSTAND, AND VOLUNTARILY AND WILLINGLY ASSUME, THE RISKS OF INJURY.[12]

[11] Docket No. 15-1 ¶ 2(b).

[12] *Id.* ¶ 2(c).

> On behalf of myself . . . I hereby voluntarily and forever release and discharge Life Time from, covenant and agree not to sue Life Time for, and waive, any claims, demands, . . . damages . . . for any Injuries to me . . . in the Use of Life Time Premises and Services which arise out of, result from, or are caused by any NEGLIGENCE OF LIFE TIME, me, . . . and/or any other person . . . .[13]
>
> I understand that Negligence Claims include but are not limited to Life Time's (1) negligent design, construction . . . , repair, maintenance, operation, supervision, monitoring, or provision of Life Time Premises and Services; (2) negligent failure to warn of or remove hazardous, unsafe, dangerous or defective condition; (3) negligent failure to provide or keep premises in a reasonably safe condition; (4) negligent provision of or failure to provide emergency care; (5) negligent hiring, selection, training, instruction, certification, supervision or retention of employees, independent contractors or volunteers; . . . or (7) other negligent act(s) or omission(s).[14]

Utah "ha[s] joined the majority of jurisdictions in permitting people to surrender their rights to recover in tort for the negligence of others."[15] However, the Utah Supreme Court has also "made it clear . . . that contract cannot claim victory over tort in every instance."[16] "[P]reinjury releases are enforceable unless the party challenging the release establishes an exception to that rule."[17] "[P]reinjury releases . . . can be invalidated in certain circumstances . . . . [s]pecifically, (1) releases that offend public policy are unenforceable; (2) releases for activities that fit within the public interest exception are unenforceable; and (3) releases that are unclear or ambiguous are unenforceable."[18]

---

[13] *Id.* ¶ 3.

[14] *Id.* ¶ 3(a).

[15] *Rothstein v. Snowbird Corp.*, 2007 UT 96, ¶ 6, 175 P.3d 560 (citation omitted).

[16] *Id.*

[17] *Rutherford v. Talisker Canyons Fin., Co., LLC*, 2019 UT 27, ¶ 18, 445 P.3d 474 (citation omitted).

[18] *Penunuri v. Sundance Partners, Ltd.*, 2013 UT 22, ¶ 25, 301 P.3d 984 (internal quotation marks and citation omitted).

Plaintiff asserts claims for premises liability, negligence, and negligent training and supervision of management. While the latter two are clearly based in negligence, Utah courts have concluded that possessor liability is a negligence-based theory.[19] Under a premises liability claim,

> [a] possessor of land may be subject to liability for injuries to invitees caused by a condition on the land if, but only if [it] '(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that [the invitees] will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.'[20]

In the Agreement, Plaintiff agreed to waive claims arising from the negligence of Life Time, including negligent maintenance, operation, and supervision of the premises, and failure to warn of or remove a dangerous condition.[21] The Court finds that the claims asserted by Plaintiff are all based in negligence and therefore barred by the Agreement unless the release is otherwise unenforceable as discussed below.

First, Plaintiff argues that as applied to the facts here, public policy concerns counsel against enforcement.[22] "For a contract to be void on the basis of public policy, there must be a showing free from doubt that the contract is against public policy."[23] Plaintiff argues that because Life Time had knowledge of a dangerous condition and possessed crucial safety

---

[19] *Hill v. Superior Prop. Mgmt. Servs., Inc.*, 2013 UT 60, ¶ 29, 321 P.3d 1054; *MacFarlane v. Applebee's Restaurant*, 2016 UT App 158, ¶ 8, 378 P.3d 1286.

[20] *Lyman v. Solomon*, 2011 UT App 204, ¶ 4, 258 P.3d 647 (quoting *Hale v. Beckstead*, 2005 UT 24, ¶ 8, 116 P.3d 263).

[21] Docket No. 15-1 ¶ 3(a).

[22] Docket No. 16, at 14.

[23] *Penunuri v. Sundance Partners, Ltd.*, 2011 UT App 183, ¶ 15, 257 P.3d 1049 (internal quotation marks and citation omitted).

information that Plaintiff lacked and the take it or leave it nature of the Agreement results in a waiver that offends public policy and should not be enforced.

Plaintiff fails to support his allegations with admissible evidence, including his allegations regarding what Defendant knew of the allegedly dangerous condition and the safety information. While there are undisputed facts showing that Plaintiff entered into the Agreement with Defendant, even accepting Plaintiff's allegations that he was not given an opportunity to negotiate the standardized contract, the Court cannot conclude that the waiver is unenforceable on the basis of public policy.

"A party claiming unconscionability bears a heavy burden."[24] "The law enables parties to freely contract," which includes entering "into unreasonable contracts or contracts leading to a hardship of one party."[25] A contract may be unconscionable if there is "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."[26] Utah courts analyze both procedural unconscionability, which "focuses on the formation of the agreement," and substantive unconscionability, which looks to contents of the agreement.[27]

The following factors guide the procedural unconscionability analysis: (1) "whether each party had a reasonable opportunity to understand the terms and conditions of the agreement"; (2) "whether there was a lack of opportunity for meaningful negotiation"; (3) "whether the agreement was printed on a duplicate or boilerplate form drafted solely by the party in the strongest bargaining position"; (4) "whether the terms of the agreement were explained to the

---

[24] *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 402 (Utah 1998).

[25] *Id.*

[26] *Id.* (emphasis omitted) (internal quotation marks and citation omitted).

[27] *Id.*

weaker party"; (5) "whether the aggrieved party had a meaningful choice or instead felt compelled to accept the terms of the agreement"; and (6) "whether the stronger party employed deceptive practices to obscure key contractual provisions."[28]

Plaintiff does not address these factors and there is otherwise little admissible evidence supporting the factors. Accordingly, the Court cannot conclude the Agreement is procedurally unconscionable.

In determining substantive unconscionability, the Court is to consider whether the "terms are so one-sided as to oppress or unfairly surprise an innocent party or whether there exists an overall imbalance in the obligations and rights imposed by the bargain."[29] Plaintiff does not address or support these considerations, and therefore, has not carried his burden. Accordingly, the Court does not find that the waiver offends public policy.

Next, the Court turns to whether the preinjury release attempts to limit liability for an activity in which there is a strong public interest. The Utah Supreme Court has adopted "the rule that preinjury release for recreational activities are not invalid under the public interest exception."[30] Plaintiff seems to acknowledge this but argues that because of the allegations here are not an inherent risk in gym membership, it does not apply.

Plaintiff does not appropriately support his allegations with admissible evidence. Additionally, the Agreement includes an assumption of risk in the use of Life Time's premises, locker rooms, and facilities, among other specifics.[31] Furthermore, the public interest exception does not involve analysis of the specific incident causing injury, but rather the traits or nature of

---

[28] *Sosa v. Paulos*, 924 P.2d 357, 362 (Utah 1996).

[29] *Id.* at 361 (internal quotation marks and citation omitted).

[30] *Pearce v. Utah Athletic Found.*, 2008 UT 13, ¶ 21, 179 P.3d 760.

[31] Docket No. 15-1 ¶ 2(a).

the activity itself.[32] The Court finds that fitness services are a recreational activity,[33] and therefore, the waiver is not invalid under the public interest exception.

Finally, Plaintiff does not argue, and the Court does not find, that the release is unclear or ambiguous. Preinjury releases must be "communicated in a clear and unequivocal manner."[34]

> To be effective, a release need not achieve perfection; only on Draftsman's Olympus is it feasible to combine the elegance of a trust indenture with the brevity of a stop sign. It suffices that a release be clear, unambiguous, and explicit, and that it express an agreement not to hold the released party liable for negligence.[35]

Plaintiff agreed to the following in the Agreement: to "release and discharge Life Time from, covenant and agree not to sue Life Time for, and waive, any claims . . . for any Injuries to [him] . . . which arise out of, result from, or are caused by any NEGLIGENCE OF LIFE TIME."[36] While broad, this language is not unclear or ambiguous, Plaintiff waived his right to bring claims arising from Life Time's negligence, including bodily injury.

Accordingly, the Court finds that the release is valid and therefore precludes Plaintiff's negligence claims. Summary judgment is therefore appropriate as a matter of law.

C. Known dangerous condition

Plaintiff asserts that the waiver cannot extend to known dangerous conditions. Plaintiff argues that a reasonable person would understand the waiver to cover inherent risks and ordinary negligence, but not a deliberate decision to conceal a specific danger that had already failed

---

[32] *Berry v. Greater Park City Co.*, 2007 UT 87, ¶ 15, 171 P.3d 442 *abrogated on other grounds by Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, 423 P.3d 1150.

[33] *See K.N. v. Life Time Fitness, Inc.*, No. 2:16-cv-39, 2018 WL 6505395, at *11 (D. Utah Dec. 11, 2018).

[34] *Pearce*, 2008 UT 13, ¶ 22 (internal quotation marks and citation omitted).

[35] *Id.* (citation omitted).

[36] Docket No. 15-1 ¶ 3.

twice. Plaintiff does not introduce any admissible evidence to support that Defendant knew of a dangerous condition or the parties' knowledge at the time the Agreement was entered into. He also does not otherwise legally support that preinjury waiver is not enforceable in the context of a premises liability claim. Furthermore, review of the waiver demonstrates an extensive list of risks that Plaintiff acknowledged at signing, including waiver of negligent failure to warn of or remove a hazardous, unsafe, dangerous, or defective condition.[37]

D. Gross negligence and willful misconduct

Plaintiff argues that even if the waiver is enforceable as to negligence, the waiver does not include "gross negligence, willful misconduct, or reckless disregard"[38] and therefore it is not enforceable as to those allegations. The Complaint does not plead a claim for gross negligence or other willful misconduct. Plaintiff requests leave to amend his Complaint to add a claim for gross negligence. Pursuant to DUCivR 7-1(a)(3), "[a] party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross motion in a response or reply. Any motion must be separately filed." Plaintiff did not do so, and accordingly, the Court will not allow Plaintiff leave to amend his Complaint, nor will it consider Plaintiff's arguments regarding gross negligence.

---

[37] *Id.* ¶ 3(a).

[38] Docket No. 16, at 16.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED.

DATED August 25, 2026.

BY THE COURT:

TED STEWART
United States District Judge